J. Richard DEMA, Sally Dema, and Tabcor Sales Clearing Inc. (Formerly Tabcor, Inc.), Plaintiffs,

v.

David J. FEDDOR, Sandra Stevens, Jeanne Hogan, Robert Osborne, United States of America, and Others Unknown or Unnamed, Defendants.

No. 77 C 3103.

United States District Court, N. D. Illinois, E. D.

April 30, 1979.

Sheldon R. Waxman, Chicago, Ill., for plaintiffs.

M. Carr Ferguson, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court upon plaintiffs' Motion for Leave to File an Amendment to Their Complaint and defendants' Motions to Dismiss. For the reasons set forth below, plaintiffs' Motion is granted, and defendants' Motions are granted in part and continued in part.

█ Under Rule 15(a), F.R.Civ.P., plaintiffs may amend their Complaint as of right. *LaBatt v. Twomey*, 513 F.2d 641 (7th Cir. 1975). Consequently, plaintiffs' Motion must be granted, and the arguments presented by way of defendants' Motions must be evaluated in terms of the Complaint as amended (Amended Complaint).

Plaintiffs believe that they have uncovered an Internal Revenue Service (IRS) plot to extort money from the taxpaying public. The Amended Complaint recites a history of alleged IRS harassment of plaintiffs pursuant to this scheme. This law suit is but one of several in which plaintiffs have challenged the legality of the manner in which the IRS has purportedly dealt with them.

The initial task facing this court is the problem of deciding what causes of action plaintiffs seek to raise in this particular litigation. While the Amended Complaint and plaintiffs' brief are replete with references to what plaintiffs assert to be illegal tax assessments made against them for 1970, 1971, 1972, and 1973, plaintiffs' brief in response to defendants' Motions unequivocally states that plaintiffs do not wish to challenge the legality of said assessments in the proceeding. In addition, although plaintiffs' brief contains a suggestion that State personnel may have been involved in the IRS' alleged plot to harass plaintiffs, the Amended Complaint makes no provision for such a possibility.

Having recognized that plaintiffs have chosen not to pursue the above claims in this court, the court will now outline its construction of the Amended Complaint. In Count I, all three plaintiffs claim that the individual defendants, all of whom are IRS employees, violated their constitutional rights by intentionally and maliciously conducting tax investigations prohibited by 26 U.S.C. § 7605(b), defaming them, intentionally inflicting mental distress upon plaintiff J. Richard Dema, and conspiring to do all of these things. In addition, Count I alleges that defendant David Feddor, acting pursuant to this conspiracy, violated the individual plaintiffs' constitutional rights by committing a battery against Sally A. Dema while serving her with an IRS administrative summons. Plaintiffs seek to recover damages for these actions, and they base their claim upon *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In Count II, plaintiffs request relief from the Government, relying on a theory of vicarious liability. Finally, the corporate plaintiff, in Count III, demands that the Government pay for the attorneys fees and costs incurred by it in this case and in *United States v. Dema*, 74 C 1283 (N.D.Ill. June 20, 1975), *rev'd*, 544 F.2d 1383 (7th Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977).

Defendants move to dismiss each count on the grounds that the court has no jurisdiction over its subject matter and that it fails to state a claim upon which relief can be granted.

█ Plaintiffs invoke a host of statutory provisions in search of a basis for the exercise by this court of jurisdiction over the claims presented in Count I. With two exceptions, the court finds that these statutes fail to provide the court with jurisdiction over said claims. 28 U.S.C. § 1343 is inapplicable here because plaintiffs' claim that the individual defendants violated their right under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3) is "wholly insubstantial

and frivolous," *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946), since the necessary allegations of state action and appropriate class membership, *see Meiners v. Moriarity,* 563 F.2d 343, 348 (7th Cir. 1977), are entirely lacking in the Amended Complaint. Nor does 42 U.S.C. § 1988 create a cause of action over which section 1343(4) might give this court jurisdiction. *Cannon v. University of Chicago,* 559 F.2d 1063, 1077 (7th Cir. 1976) (opinion on rehearing), *cert. gr.,* 438 U.S. 914, 98 S.Ct. 3142, 57 L.Ed.2d 1159 (1978). 28 U.S.C. § 1346 does not constitute a relevant grant of jurisdiction, inasmuch as the United States is not named as defendant in Count I. *Morris v. United States,* 521 F.2d 872 (9th Cir. 1975).[1]

If 26 U.S.C. § 7605(b) impliedly creates a private cause of action for damages, this court would have jurisdiction, under 28 U.S.C. § 1331, over Count I insofar as it requests the payment of damages by the individual defendants for their breach of that statute. The claim that such a cause of action does exist not being "wholly insubstantial and frivolous," the court concludes that this claim cannot be dismissed for want of subject matter jurisdiction. *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). However, as the court concludes that 26 U.S.C. § 7605(b) does not create a private cause of action of the type that plaintiffs seek herein to assert, the court rules that, to the extent that it is premised on the existence of such a cause of action, Count I fails to state a claim.[2]

The factors relevant to the determination of whether a private remedy is implicit in a statute not expressly providing for one were identified in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). An analysis of 26 U.S.C. § 7605(b) in terms of those four criteria leads the court to conclude that no private action for damages was implicitly created by Congress in enacting section 7605(b).

The legislative history of section 7605(b), which is discussed in some detail in *United States v. Powell,* 379 U.S. 48, 54–56, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), contains no indication of any Congressional intent to create such a remedy. And it is this court's opinion that the implication of a private cause of action for damages would be inconsistent with the underlying purpose of the legislative scheme of the Revenue Act of 1921, P.L. 98–67, 42 Stat. 227, *et seq.,* of which it was originally a portion, and of the Internal Revenue Code of 1954, 26 U.S.C. §§ 1 *et seq.,* of which it is currently a section.

The Internal Revenue Code expressly provides a means whereby a person may challenge an IRS examination or investigation as improper under section 7605(b). *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). The Supreme Court has held that this "full opportunity for judicial review before any coercive sanctions may be imposed," 375 U.S. at 450, 84 S.Ct. at 514, "fully" resolved the problem that Congress meant to address by passing section 7605(b). *United States v. Powell,*

1. Plaintiffs, as the " 'master[s] to decide what law . . . [they] will rely upon . . . ' *The Fair v. Kohler Die & Speciality Co.,* 228 U.S. 22, 25 [33 S.Ct. 410, 411, 57 L.Ed. 716.]", *Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946), have elected not to allege that they are entitled to any relief under state law. Therefore even if plaintiffs had argued that it existed, there would be no basis for this court to find that it could exercise pendent party jurisdiction over the individual defendants under *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed. 276 (1976), assuming, *arguendo,* that this could be a possible basis for jurisdiction over them. For the same reason, as well as because the Amended Complaint contains no averments concerning the individual defendants' citizenship, diversity jurisdiction

can not now be exercised over any state law claims that plaintiffs may have against the individual defendants.

2. The question was neither raised nor briefed by the parties. Nonetheless, mindful of the fact that constitutional questions are not to be unnecessarily decided, the court believes that the possibility that plaintiffs might have a non-constitutional basis for challenging defendants' allegedly illegal act should be explored and rejected before turning to the contentions that defendants' actions were unconstitutional and give rise to a *Bivens* suit. Moreover, the court has concluded that the implied cause of action issue does not require briefing.

379 U.S. at 55–56, 85 S.Ct. 248, 13 L.Ed.2d 112. Indeed, the Court of Appeals for the Seventh Circuit has recently directed plaintiffs' attention to this very procedure. *United States v. Dema,* 544 F.2d 1373 (7th Cir. 1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977).

It would ill-serve the interest that Congress sought to protect if taxpayers were to be encouraged to allow the IRS to conduct an "unnecessary" investigation and then sue the agents or the IRS for violating their rights. Rather, the court believes that Congress intended to provide taxpayers with a right to prevent such an "unnecessary" investigation from occurring in the first place.[3]

■ As any other conclusion would upset the "comprehensive procedure of the Code", *Reisman v. Caplin,* 375 U.S. at 450, 84 S.Ct. 508, the court rules that section 7605(b) does not impliedly create a private cause of action for damages arising from its violation. Therefore, insofar as it might rely upon such a theory of recovery, Count I fails to state a claim upon which relief can be granted.

■ Finally, plaintiffs, invoking 28 U.S.C. § 1331 as a basis for subject matter jurisdiction, maintain that Count I states a cognizable cause of action for damages resulting from the individual defendants' multiple violations of plaintiffs' rights under the Constitution of the United States. Specifically, they argue that each of the allegedly tortious acts of the individual defendants constitutes a violation of plaintiffs' Fifth Amendment rights, and that they are entitled to recover damages on account of these unconstitutional acts.

The court does not regard this claim as being so patently lacking in merit as to justify their dismissal for want of subject matter jurisdiction.

Plaintiffs' theory of recovery seems to be as follows: The Federal Government is possessed of enumerated powers only. Each citizen has a constitutional right, a personal right, to insist that, in its dealings with him, the Government confine itself to activities that the law authorizes it to undertake. Any time the Government or one of its agents commits an *ultra vires* act, it violates the constitutional rights of the persons victimized thereby. And every offended constitutional right is entitled to be vindicated by means of a damage action on the model of the one approved of by the Supreme Court in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The notion that an unlawful act committed by an agent of the state is, *ipso facto,* an unconstitutional act has been decisively rejected by the Supreme Court. *See, e. g., United States v. Caceres,* —— U.S. ——, —— – ——, 99 S.Ct. 1465, 1473, 59 L.Ed.2d 733 (1979); *but cf. Davis v. Passman,* 571 F.2d 793 (5th Cir. 1978) (en banc), *cert. gr.,* 47 U.S.L.W. 3001 (U.S. Oct. 30, 1978). Furthermore, the lower courts are divided as to whether a *Bivens* suit will necessarily lie whenever a constitutional right is violated. *Compare, e. g., Davis v. Passman,* 571 F.2d 793 (5th Cir. 1978) (en banc), (rejecting the proposition advanced by plaintiffs), *cert. gr.,* 439 U.S. 925, 99 S.Ct. 308, 58 L.Ed.2d 318 (U.S.1978) with *Gardels v. Murphy,* 377 F.Supp. 1389 (N.D. Ill.1974) (accepting plaintiffs' view).[4]

However, this only means that this court is faced with two important legal questions. First, have plaintiffs alleged any violations of their constitutional rights? Second, if so, would they be entitled to a damage remedy?

---

3. Apparently, this circuit has not yet resolved the question of whether the single inspection rule of 26 U.S.C. § 7605(b) should also be enforceable by the exclusion of evidence obtained in violation of it in a criminal case. *United States v. Krilich,* 470 F.2d 341, 350 (7th Cir. 1972), *cert. denied,* 411 U.S. 938, 93 S.Ct. 1897, 36 L.Ed.2d 399 (1973). The resolution of that question may well involve different consid-

erations than those involved in the case *sub judice,* and this court expresses no view as to the ultimate outcome of that controversy.

4. The Seventh Circuit has yet to arrive at a definite position on the latter issue. *See Neely v. Blumenthal,* 458 F.Supp. 945, 958 (D.D.C. 1978).

In their briefs on the instant Motion, the parties did not adequately distinguish between these two questions. Moreover, the parties failed to discuss the applicability of the case law to the facts of this case.[5] In fact *Rodriguez v. Ritchey,* 556 F.2d 1185 (5th Cir. 1977) (en banc), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978), in which the Fifth Circuit Court of Appeals held an arrest to have been in violation of neither the federal common law nor the Fourth Amendment, is virtually the only case discussed in the briefs. Yet it is not clear how this case is supposed to support defendants' position, and the court notes that, contrary to plaintiffs' expectations, the appellate court decision was not reversed on appeal.

Under these circumstances, the court is unwilling to decide at this time whether plaintiffs' Count I states a claim upon which relief can be granted. The court directs that, upon the rendering of a decision by the Supreme Court in *Davis,* the parties shall come before this court in order that a further briefing schedule may be established. Until that time, the Motion to Dismiss Count I will remain under advisement.

 In Count II, as mentioned above, plaintiffs request relief from the United States under a theory of vicarious liability. Plaintiffs assert that jurisdiction exists pursuant to 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680.[6] Defendants demur on the ground that 28 U.S.C. § 2680(c) deprives this court of jurisdiction under the Federal Tort Claims Act.

 In light of the interpretation that plaintiffs, in their briefs, place upon their Amended Complaint, the court finds *Morris v. United States,* 521 F.2d 872 (9th Cir. 1975), to be dispositive,[7] save that, under the holding of the Seventh Circuit Court of Appeals in *Stewart v. United States,* 199 F.2d 517 (7th Cir. 1972), Count II must be dismissed, not for want of subject matter jurisdiction, but for failure to state a claim.

Finally, in Count III, plaintiffs seek to recover costs and attorneys fees for several lawsuits, claiming that this court has jurisdiction over this count pursuant to 42 U.S.C. § 1988. However, as has already been observed, section 1988 is not a grant of subject matter jurisdiction. It merely provides that, under circumstances not here extant, a court may award attorneys fees to the party who prevails in that very lawsuit. Therefore, Count III is dismissed for failure to state a claim upon which relief can be granted.

Accordingly, plaintiffs' Motion for Leave to File an Amendment to their Complaint is granted. Defendants' Motion to Dismiss Counts II and III of the Amended Complaint is granted. Count I is dismissed, except insofar as it alleges that, plaintiffs are entitled to relief on a *Bivens* theory for violations of their Fifth Amendment

---

5. Plaintiffs have presented the court with a list of cases, the holdings of which vary from the recognition of a good faith defense to *Bivens* suits, *Tritsis v. Backer,* 501 F.2d 1021 (7th Cir. 1974); *Jones v. Perrigan,* 459 F.2d 81 (6th Cir. 1972); to the recognition of a qualified immunity for IRS agents, *Mark v. Groff,* 521 F.2d 1376 (9th Cir. 1975); to the recognition of a *Bivens* action to remedy First Amendment violations, *Paton v. LaPrade,* 524 F.2d 862 (3d Cir. 1975); to the decision that state law governs questions of survival and statute of limitations in *Bivens* claims, *Beard v. Robinson,* 563 F.2d 331 (7th Cir. 1977), *cert. denied, sub nom. Mitchell v. Beard,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978). The court does not find such lists to be particularly helpful in considering whether or not plaintiffs legal arguments are correct. Discussion of how the principles adopted in previous cases relates to the issues in the suit *sub judice* would be of considerably greater assistance to the court.

6. 42 U.S.C. § 1988 does not represent a grant of subject matter jurisdiction. *Cannon v. University of Chicago,* 559 F.2d 1063, 1077 (7th Cir. 1976) (opinion on rehearing), *cert. gr.,* 438 U.S. 914, 98 S.Ct. 3142, 57 L.Ed.2d 1159 (1978). In addition, the Administrative Procedure Act, 5 U.S.C. §§ 701–706, is not a jurisdictional grant. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

7. Plaintiffs do not claim that the adoption of the P.L. 93–253, § 2, 88 Stat. 50 (1974) (28 U.S.C. § 2680(h)) impliedly repealed section 2680(c), and this court does not so construe the statute.

rights—in this respect, the Motion is continued.

It is so ordered.