Daniel R. RUTHERFORD, et ux.

v.

UNITED STATES of America, et al.

No. SA–80–CA–97.

United States District Court,
W. D. Texas,
San Antonio Division.

Oct. 19, 1981.

Daniel R. Rutherford, San Antonio, Tex., for plaintiffs.

Robert D. Martinez, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for defendants.

ORDER DISMISSING REFUND CLAIM FOR LACK OF JURISDICTION AND GRANTING DEFENDANT KUNTZ' MOTION FOR SUMMARY JUDGMENT

SUTTLE, Senior District Judge.

The plaintiffs seek a refund of income taxes for the years 1971–1973. On or about July 16, 1976, the IRS assessed deficiencies against the plaintiffs in the amount of $7,982.49 for 1971, $7,656.96 for 1972, and $15,318.95 for 1973. After making only a partial payment ($4,210.06) of the amounts assessed, on March 4, 1980, the plaintiffs filed their original complaint for refund under 26 U.S.C. § 7422.

On October 24, 1980, the plaintiffs filed an amended complaint. There, they alleged that, on March 7, 1980—after the original complaint had already been filed—they had paid an additional $27,356.31 in assessments, for a total of $31,566.37. They further alleged that they had filed a new administrative claim for refund on March 14, 1980, which had not yet been acted upon.

Besides seeking a refund, the amended complaint contained an additional claim against Marvin Kuntz, an IRS agent. The plaintiffs alleged that Kuntz had willfully and maliciously set on a course of conduct to harass the plaintiffs into paying taxes that were not due and owing. The amended complaint sought compensatory and punitive damages from Kuntz.

Pending is the government's motion to dismiss the claim for refund for lack of jurisdiction and Kuntz' motion for summary judgment. For the following reasons, the court will grant the government's motion to dismiss the refund claim for lack of jurisdiction and grant the defendant Kuntz' motion for summary judgment.

GOVERNMENT'S MOTION TO DISMISS REFUND CLAIM

■ Title 26 U.S.C. § 7422(a) reads as follows:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

Title 28 U.S.C. § 1346(a) reads in relevant part as follows:

The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws. . . .

The Supreme Court has read § 1346(a)(1) to require the payment of the entire amount of an assessment as a jurisdictional prerequisite to a suit for refund of income

taxes. *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

... § 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court.

*Id.*, 362 U.S. at 177, 80 S.Ct. at 647. The fact that the plaintiffs may have paid the full amount of the assessment after filing suit is immaterial. *Gresham Park Community Organization v. Howell*, 652 F.2d 1227, 1236–37 n. 25 (5th Cir. 1981) ("We determine jurisdiction ... as of the date the federal complaint was filed... Thus federal jurisdiction must be determined under the facts as of the date of the filing of the complaint."); *Church of Scientology of Colorado v. United States*, 499 F.Supp. 1085, 1088 (D.Colo.1980) ("Facts occurring after the complaint is filed cannot confer jurisdiction on a federal court if sufficient jurisdictional facts did not exist at the time the complaint was filed.").

Insofar, then, as this suit is brought against the United States and the District Director of the IRS[1] and seeks a tax refund, it is dismissed without prejudice for lack of jurisdiction.[2] *Id.* ("This principle [that the subject matter jurisdiction be established as having existed at the time the suit is filed] is especially applicable in tax refund suits, since Congress has determined that the taxpayer who elects to contest liability in the district court ... must pay the assessment before commencing suit for refund."); *Brielman v. United States*, 34 A.F.T.R.2d 74–5778 (D.Mass.1974), *aff'd* (1st Cir. 1975) ("The language of the statute [26 U.S.C. § 7422(a)] clearly contemplates a claim after payment and requires the filing of such a claim before suit can be instituted."). *See* also *District of Columbia v. Berenter*, 466 F.2d 367 (D.C.Cir.1972).

## KUNTZ' MOTION FOR SUMMARY JUDGMENT

The plaintiffs' claim against IRS agent Kuntz is that he harassed them in conducting an audit on them for tax years 1971–1973. In effect, the plaintiffs allege that Kuntz willfully and maliciously set upon a course of conduct to harass them into paying taxes that were not due and owing. Jurisdiction is laid under the general federal-question statute, 28 U.S.C. § 1331, and damages are sought against Kuntz "for a violation of ... Plaintiffs' Fourteenth Amendment rights, as well as numerous malicious violations of Title 28, United States Code." *Amended Complaint*, p. 1.

■ Since the Fourteenth Amendment applies only to the states, the plaintiffs undoubtedly mean to refer to the Fifth Amendment's proscription against any person's being "deprived of ... property, without due process of law..." In addition, although the plaintiffs complain of "numerous malicious violations of Title 28, United States Code," *Amended Complaint*, p. 1, the plaintiffs do not cite any specific statutes that Kuntz allegedly violated. Further, they cite no federal statute giving them a monetary claim for any such violations; and the court is unaware of any federal statute that would give the plaintiffs a claim for damages against Kuntz.[3] *See Rodriguez v. Ritchey*, 556 F.2d 1185, 1189 (5th

---

1. Of course, the District Director is not even a proper defendant in a refund suit.

 A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative...

 26 U.S.C. § 7422(f).

2. Of course, under 26 U.S.C. § 6532(a)(1) the plaintiffs can file a new suit for refund within two years after the disallowance of their administrative claim of March 14, 1980.

3. The Federal Tort Claims Act (FTCA) excludes the government from liability for "[a]ny claim arising in respect of the assessment or collection of any tax...." 28 U.S.C. § 2680(c). At any rate, the plaintiffs have not fulfilled the jurisdictional prerequisite of filing an administrative claim under the FTCA. *See* 28 U.S.C. § 2675. In addition, the government and not the individual officer is the proper defendant in an FTCA suit.

**170**

Cir. 1977) (en banc), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978).

 The plaintiffs' claim against Kuntz is what is known as a constitutional tort—a *Bivens* action, named after the landmark case of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). And the only source this court finds for the plaintiffs' claim against Kuntz is in the Fifth Amendment's proscription against the taking of property without due process of law. *See*, generally, *Rodriguez v. Ritchey, supra*, 556 F.2d at 1190 ("It is clear from a reading of *Bivens* that a federal action for damages must be premised on the *unconstitutional* conduct of the officers."); *Simon v. United States*, 644 F.2d 490, 496 (5th Cir. 1981) ("The plaintiff Simon's cause of action is asserted as a constitutional tort, a violation of a specific federal constitutional guarantee by a governmental agent acting under claim of federal authority.").

The essence of the plaintiffs' claim against Kuntz is that he maliciously harassed them into paying taxes that were not due and owing. Under recent Supreme Court precedent, accepting the facts as alleged and sworn to by the plaintiffs, the court finds that the plaintiffs have not established a deprivation of property "without due process of law."

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court was faced with a suit by a Nebraska state prisoner against prison officials under 42 U.S.C. § 1983 (the analog of a *Bivens* action against state officers). There, the plaintiff sued prison officials to recover the value of hobby materials that had been lost after being delivered by mail to the prison. The plaintiff contended that the defendants had negligently lost the materials and thereby deprived him of property "without due process of law," in violation of the Fourteenth Amendment. Affirming a grant of summary judgment for the defendants, the Supreme Court found that the plaintiff had not established a violation of due process. Important to the Court's analysis was the fact that state

law provided the plaintiff with the means by which he could receive redress for the "taking" of his property.

> ... [T]he State of Nebraska has provided [plaintiff] with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State. See Neb. Rev.Stat. § 81–8,209 *et seq.* (Reissue 1976). Through this tort claims procedure the state hears and pays claims of prisoners housed in its penal institutions. This procedure was in existence at the time of the loss here in question but [plaintiff] did not use it. It is argued that the State does not adequately protect the [plaintiff's] interests because it provides only for an action against the State as opposed to its individual employees, it contains no provisions for punitive damages, and there is no right to a trial by jury. Although the state remedies may not provide the [plaintiff] with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process. *The remedies provided could have fully compensated the [plaintiff] for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.*

*Id.* at 543, 101 S.Ct. at 1917 (emphasis added).

Title 26 of the United States Code provides two remedies to taxpayers who think they have been aggrieved by wrongful deficiency assessments on the part of the IRS. Without paying the assessment, they can seek a redetermination of the deficiency in the Tax Court. *See* 26 U.S.C. §§ 6213–14. Alternatively, they can pay the assessment, make an administrative claim for refund, and then file suit for refund in District Court or the Court of Claims. *See* 26 U.S.C. § 7422; 28 U.S.C. § 1346(a)(1). The adequacy of these remedies has consistently been upheld against constitutional attack. *See Phillips v. Commissioner*, 283 U.S. 589,

51 S.Ct. 608, 75 L.Ed. 1289 (1931); *Nash Miami Motors, Inc. v. United States*, 358 F.2d 636 (5th Cir.), *cert. denied*, 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142 (1966); *Harrington v. United States*, 416 F.2d 1029, 1034 (10th Cir. 1969) (". . . [A]n administrative assessment of additional taxes and penalties does no violence to Fifth Amendment due process in view of the procedural facilities for review in the Tax Court or for a refund suit in the District Court after filing the required refund claim.").

Since the refund remedy provided in Title 26 can fully compensate the plaintiffs for any wrongful property loss that they may have suffered,[4] the plaintiffs have failed to establish that they have been deprived of any of their property "without due process of law." Accordingly, the defendant Kuntz' motion for summary judgment is granted on the ground that no claim of constitutional tort cognizable in federal court has been shown against him. *See Simon v. United States, supra*, 644 F.2d at 499. Due to this resolution of the plaintiffs' claim against Kuntz, the court need not determine any issues regarding his immunity. *See Rodriguez v. Ritchey, supra*, 556 F.2d at 1194. But *see Barnstone v. McKeever*, 477 F.Supp. 108 (S.D.Tex.1979).

The Clerk will enter judgment.