FILED
United States Court of Appeals
Tenth Circuit

September 18, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GERARDO RIVERA; OSCAR PRIETO;
HECTOR BACA; JUAN DOMINGUEZ;
STEVE WILSON; ELIJIO BORJA;
MIRIAM GRANADOS,

      Plaintiffs - Appellants,

v.

INTERNAL REVENUE SERVICE; JOHN
KOSKINEN; UNITED STATES OF
AMERICA,

      Defendants - Appellees.

No. 16-2277
(D.C. No. 1:16-CV-00946-RB-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Plaintiffs-Appellants in this case are Miriam Granados, a tax-return preparer

doing business as Columbia Tax Service ("Columbia"), and six of her clients

("Clients").  Plaintiffs filed a class-action complaint against the Internal Revenue

Service ("IRS") challenging its voluntary Annual Filing Season Program ("AFSP")

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for certain tax-return preparers and the IRS' investigation of Columbia and audits of Client tax returns prepared by Columbia. The district court *sua sponte* dismissed their claims for lack of subject matter jurisdiction. Exercising appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

I

The AFSP is a voluntary program offered by the IRS that allows non-credentialed tax-return preparers to be listed on the IRS' online "Directory of Federal Tax Return Preparers" if they complete continuing education courses, pass an exam and comply with other elements of the program. *Am. Inst. of Certified Pub. Accountants v. IRS*, 804 F.3d 1193, 1195 (D.C. Cir. 2015). The AFSP's purpose is to encourage tax-return preparers who are not attorneys, certified public accountants, or registered agents to complete continuing education courses in order to increase their knowledge of relevant federal tax law. *Id.* The IRS began offering this program after the D.C. Circuit held that the IRS lacked authority to issue a rule requiring non-credentialed tax-return preparers to register with the IRS and comply with similar requirements. *See id.*; *Loving v. IRS*, 742 F.3d 1013, 1015 (D.C. Cir. 2014).

According to Plaintiffs' first amended complaint, Columbia is a longtime non-credentialed tax-return preparer that decided not to enroll in the voluntary AFSP. The complaint alleges that as a result the IRS has targeted Columbia in a criminal investigation, is pressuring the Clients to "denounce and impute" Columbia by conducting audits and examinations of their Columbia-prepared tax returns, and is contacting the Clients, sometimes without prior notice, in connection with the

2

agency's criminal investigation of Columbia. The complaint alleges the IRS is being "more intrusive and aggressive than necessary" in auditing the Clients' tax returns, and has violated the Clients' "basic rights" in the course of these audits by ignoring crucial evidence, disallowing lawful deductions, issuing defective and misleading notices, and harassing and intimidating them. Aplts. App. at 11; *see id.* at 13.

Based on these allegations, Plaintiffs assert three substantive claims against the IRS and IRS Commissioner under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706.[1] In Count 1, Columbia asks the court to invalidate the AFSP on the ground that it exceeds the IRS' statutory authority. In Count 2, both Columbia and the Clients assert that the IRS' "harassment and intimidation" of the Clients constitutes a final agency action that is contrary to their constitutional rights. Aplts. App. at 21. Similarly, in Count 3, the Clients allege that the IRS violated their constitutional rights and was arbitrary and capricious in issuing tax deficiency notices to them. As relief, Plaintiffs seek a declaration that the IRS actions of which they

---

[1] In "Count 4" of the complaint and in the case caption, Plaintiffs also purport to name the National Taxpayer Advocate as an involuntary plaintiff in this action. Aplts. App. at 5, 23. On February 14, 2017, the United States filed a Motion to Correct the Case Caption and Clarify that the National Taxpayer Advocate Is Not a Party to This Case in this court. The United States reports that the National Taxpayer Advocate is a federal employee who reports to the IRS Commissioner. Mot. at 2. The National Taxpayer Advocate has not appeared in this action or been compelled to join it as an involuntary plaintiff. *See* Fed. R. Civ. P. 19(a)(2) (required party may be made an "involuntary plaintiff" by court order). Plaintiffs also concede that the Advocate is not currently a party to this case and that the caption should reflect this. *See* Aplts. Br. at 5-6. The United States' motion is therefore granted, and the caption of the appeal has been revised accordingly.

3

complain are unconstitutional and in violation of federal law and an order enjoining these actions.

In November 2016, the district court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction upon finding that the United States had not waived its sovereign immunity with respect to these claims. This appeal followed.

## II

We review a dismissal for lack of subject matter jurisdiction de novo. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009). Because the issues presented for review are facial challenges to the sufficiency of Plaintiffs' amended complaint, we assume for purposes of this appeal that the allegations are true. *See id.*

### A

Under the doctrine of sovereign immunity, the United States "may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The burden is on the plaintiff "to find and prove an explicit waiver of sovereign immunity." *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992) (internal quotation marks omitted).

The only statute Plaintiffs cite in their complaint that includes a waiver of sovereign immunity is § 702 of the APA, in which Congress waived the United States' immunity from suit for actions "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. Because Plaintiffs' suit

4

against the IRS does not seek monetary relief, it falls within the APA's waiver of sovereign immunity unless an exception to the waiver applies.[2]

The APA's sovereign immunity waiver does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id.* As relevant here, there are two statutes that forbid the relief Plaintiffs seek with respect to the IRS' investigations and audits: the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), and the tax exception provision of the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a). The AIA bars suit in federal district court "for the purpose of restraining the assessment or collection of any tax," 26 U.S.C. § 7421(a), and the DJA prohibits declaratory judgments "with respect to Federal taxes," 28 U.S.C. § 2201(a). *See Fostvedt*, 978 F.2d at 1203. In spite of the DJA's broader language, its tax exception is coterminous with the AIA's prohibition. *Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1115 (10th Cir. 2017). The AIA and DJA prohibitions apply "not only to the actual assessment or collection of a tax, but [are] equally applicable to

---

[2] The waiver of sovereign immunity provided in APA § 702 encompasses both claims for nonmonetary relief asserted under the APA and claims asserted against federal agencies under other, non-APA authority. *See, e.g., Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1233 (10th Cir. 2005) (holding APA's waiver of sovereign immunity is not limited to suits under the APA); *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (same). As a result, the district court's finding that the IRS' ongoing investigations and audits were not final agency actions and hence not reviewable under the APA, Aplts. App. at 27, is not relevant to determining whether the APA's waiver of sovereign immunity applies in this case. *See Trudeau*, 456 F.3d at 187 (holding APA § 702's waiver applies to claims against an agency for nonmonetary relief regardless of whether the challenged agency action constitutes "final agency action" subject to review under APA § 704).

5

activities leading up to, and culminating in, such assessment and collection." *Id.* at 1116 (internal quotation marks omitted) (discussing AIA).

It is clear from the complaint, and undisputed by Plaintiffs here, that the IRS is conducting the investigations, audits and other actions complained of as part of the agency's tax assessment and collection efforts. Accordingly, Counts 2 and 3 of the complaint, in which Columbia and the Clients seek an order enjoining the IRS' investigations, audits and notices of deficiency towards them and a declaration that they are unconstitutional and in violation of federal law, fall within the prohibitions stated in the AIA and DJA and therefore outside of the waiver of sovereign immunity provided in the APA.[3]

Plaintiffs apparently accept that the AIA and DJA bar Count 3 of their complaint, in which they seek to invalidate and enjoin the notices of deficiency the IRS issued the Clients, because Plaintiffs concede in their opening brief that the district court lacked jurisdiction over this claim. Aplts. Br. at 14-15. They maintain, however, that they may proceed with their claim seeking to enjoin the IRS' investigation and audits (Count 2), because Congress "has not allowed the IRS to infringe on the taxpayer's constitutional rights and claim lack of consent to be sued."

---

[3] There are statutory and judicial exceptions to the prohibitions in the AIA and DJA, *see Fostvedt*, 978 F.2d at 1203 n.4 (citing exceptions), but Plaintiffs failed to mention or present argument regarding these exceptions in their briefing to this court. Accordingly, Plaintiffs have forfeited any argument that their claims fall within these exceptions. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (stating "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue"); *see also Fostvedt*, 978 F.2d at at 1203 n.4 (refusing to consider whether exceptions to AIA and DJA prohibitions applied because the petitioner had failed to bring himself within any of them).

Aplts. Br. at 13. They do not reference the AIA, DJA or any other statute in making this argument, however, and instead rely only on the Fifth Circuit's decision in *Rutherford v. United States*, 702 F.2d 580 (5th Cir. 1983).

*Rutherford* does not support Plaintiffs' argument. In that case, the court considered whether a taxpayer's due process claim against an IRS agent for damages caused by his allegedly abusive behavior in a tax assessment was properly dismissed for failure to state a claim on which relief could be granted. *Id.* at 582-83. The court held that the ground relied upon by the district court, that due process was provided by the post-deprivation statutory remedies for tax over-assessments, was improper because it was not responsive to the taxpayers' claim of harassment by the IRS agent. *Id.* at 584. That holding is irrelevant to the issues presented in this appeal. The *Rutherford* court construed the taxpayers' claim against the IRS agent as an attempt to allege a *Bivens* action. *See id.* at 582 & n.4. *Bivens* claims are asserted against government officials in their individual capacities and hence are not actions against the government potentially subject to sovereign immunity. *See Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997). Not surprisingly, therefore, the *Rutherford* court did not address sovereign immunity in its decision and made no findings relevant to it. And for this reason, and because the claim was for damages instead of nonmonetary relief, there was also no cause for the court to consider the AIA and DJA and their bar against suits brought "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a).

7

In portraying Count 2 as a constitutional claim, Plaintiffs also appear to be assuming that such claims are *per se* exempt from the prohibition on suits seeking to restrain the IRS' tax assessment and collection activities. This is incorrect. Claims seeking to restrain the assessment or collection of taxes are prohibited by the AIA, "notwithstanding that plaintiffs have couched [them] in constitutional terms." *We the People Found., Inc. v. United States*, 485 F.3d 140, 143 (D.C. Cir. 2007); *see also Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 (1974) (stating "the constitutional nature of a taxpayer's claim . . . is of no consequence under the Anti-Injunction Act").

For the reasons stated above, we conclude that Plaintiffs' claims seeking to enjoin the IRS' investigation and audits, Counts 2 and 3 in the amended complaint, are for the purpose of restraining the assessment and collection of taxes and are therefore barred by the AIA and the DJA and not covered by the waiver of sovereign immunity provided in the APA. We therefore affirm the district court's dismissal of these claims for lack of jurisdiction.

B

The district court's dismissal of this action on sovereign immunity grounds also encompassed Count 1 of the complaint, in which Columbia sought a declaration and order invalidating the AFSP on the ground that it exceeds the IRS' statutory authority. As discussed above, whether this claim falls within the prohibitions of the AIA and DJA, and hence outside of the APA's waiver of sovereign immunity, depends on whether this remedy can be said to restrain the assessment and collection

8

of federal taxes. *See Fostvedt*, 978 F.2d at 1203; *see also Cohen v. United States*, 650 F.3d 717, 727 (D.C. Cir. 2011) (AIA "bars suits concerning the assessment or collection of any tax," but "is no obstacle to other claims seeking to enjoin the IRS, regardless of any attenuated connection to the broader regulatory scheme" (internal quotation marks omitted)).

The district court did not discuss or decide this issue, and the United States also opted not to address it in its briefing to this court. Instead, the United States argues that the district court's dismissal of Count 1 was proper because Columbia— the only plaintiff to bring Count 1—lacked standing to bring this claim. For the reasons discussed below, we agree. As a result, and because we may affirm the district court's judgment on any ground supported by the record, *Richison v. Ernest Grp., Inc.,* 634 F.3d 1123, 1130 (10th Cir. 2011), we do not consider whether sovereign immunity would also bar Count 1 of Plaintiffs' complaint.

C

Under Article III of the Constitution, standing is a prerequisite to subject matter jurisdiction that we must address, *sua sponte* if necessary, when the record reveals a colorable standing issue. *United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012). As the party invoking federal jurisdiction, Columbia has the burden of establishing the elements of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). These elements are: (1) that it has suffered an "injury in fact" that is concrete, particularized and actual or imminent; (2) that there is a causal connection

9

between the injury and the conduct complained of, and (3) that the injury will likely be redressed by a favorable decision. *Id.* at 560-61.

At the pleading stage, we accept as true all material allegations of the complaint relating to standing and construe them in favor of the complaining party. *COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1220 (10th Cir.), *cert. denied*, 137 S. Ct. 475 (2016). "'General factual allegations of injury resulting from the defendant's conduct may suffice'" at this stage of litigation to show standing, *id.* (quoting *Lujan*, 504 U.S. at 561) (brackets omitted), but "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* at 1221 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets omitted).

Upon review of the relevant record, we conclude Columbia has not met its burden as to any of these elements of standing with respect to Count 1. First, the only allegation of injury Columbia offers in the complaint to support this claim is that Columbia is "adversely affected and aggrieved by the AFSP." Aplts. App. at 20. This conclusory allegation merely repeats the elements of a cause of action under the APA, *see* 5 U.S.C. § 702, and thus is not sufficient to establish an injury in fact, *see COPE*, 821 F.3d at 1221, let alone one that is concrete, particularized, and actual or imminent.

Elsewhere in the complaint, Columbia and the Clients assert they have been injured by the IRS targeting Columbia for criminal investigation and targeting its clients for audits and examinations in retaliation for Columbia opting not to participate in the AFSP. Assuming these allegations sufficiently allege an "injury in

10

fact" to Columbia, the complaint still fails to allege or explain any causal connection between this injury and the existence of the AFSP. Nor is it apparent how the relief sought with respect to Count 1, invalidation of the AFSP, is likely redress this alleged injury.

Any one of these standing deficiencies would defeat Columbia's assertion of standing to challenge the AFSP. We therefore conclude that Columbia does not have standing to pursue this claim, and that subject matter jurisdiction is lacking for Count 1 as a result.

## III

For the reasons stated above, the judgment of the district court is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge