Don C. ALEXANDER, Plaintiff,

v.

UNITED STATES of America, (INTERNAL REVENUE SERVICE, DEPARTMENT OF TREASURY), Defendant.

Civ. A. No. 3:92–CV–1141–P.

United States District Court,
N.D. Texas,
Dallas Division.

June 26, 1995.

Dean Carlton, The Carlton Firm, Dallas, TX, for plaintiff.

## ORDER

SOLIS, District Judge.

Presently before the Court are United States of America's Motion To Dismiss or For Summary Judgment filed on March 18, 1993, Plaintiff's Response and Counter Motion filed on April 6, 1993, and United States of America's Reply filed on April 20, 1993; and United States of America's First Supplement To Motion To Dismiss Or For Summary Judgment ("Supplement") filed on May 10, 1995 and Plaintiff's Response filed on May 17, 1995.

In Defendant's original Motion To Dismiss, Defendant requested the Court to dismiss the case because Plaintiff failed to establish a waiver of sovereign immunity with respect to his claims and the relief requested in his Complaint. However, Defendant has withdrawn this argument in its Supplement in light of the recent United States Supreme Court case of *United States v. Williams,* — U.S. ——, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995). Defendant now claims that this case should be dismissed because Plaintiff's administrative claim was not timely filed. Supplement, p. 2. Moreover, Defendant asserts

that Plaintiff cannot maintain this action under the Federal Torts Claims Act ("FTCA"), the Tucker Act, or the Administrative Procedures Act ("APA") due to, among other reasons, Plaintiff's failure to comply with the applicable statute of limitations.

## BACKGROUND

Plaintiff purchased real property from Ernest and Carolyn Littlefield. The property contained certain federal tax liens that were attributed to tax liabilities of the Littlefields. Plaintiff paid $20,000 to the Internal Revenue Service ("IRS") for the purpose of releasing the liens. Plaintiff asserts that he submitted payment because he relied on the IRS's express promise that it would release the liens on the property upon receipt of such payment. The IRS denies making a promise to release the liens, and the liens have not been released from the property.

## DISCUSSION

Plaintiff requests that the Court order Defendant to either refund the $20,000 to Plaintiff, or release the liens on the property.

*Claim For Refund*

▉ Defendant argues that Plaintiff is not entitled to a refund because he failed to comply with his deadline for filing an administrative claim for refund. The United States Supreme Court has held that 26 U.S.C. § 7422 requires a claimant to exhaust his administrative remedies before bringing a refund claim. *United States v. Williams,* — U.S. ——, —— – ——, —— – ——, 115 S.Ct. 1611, 1613–14, 1616–17, 131 L.Ed.2d 608 (1995). Section 6511(a) provides that a:

> claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.[1]

26 U.S.C. § 6511(a).

Plaintiff did not file a return in conjunction with his payment to the IRS. Therefore,

---

1. In holding that the plaintiff did have standing    to bring a refund action even though the plaintiff

Plaintiff is required to file his claim for refund within 2 years from the time the tax was paid pursuant to § 6511(a).

Plaintiff paid the $20,000 in January 1986. Plaintiff filed his claim for refund on December 5, 1988. Therefore, Plaintiff did not comply with the two year deadline for filing a claim for refund. Accordingly, Plaintiff is not entitled to a refund of the $20,000 pursuant to § 6511(a).

■ Plaintiff argues that on June 7, 1990, the IRS notified him that he had two years to file suit in federal district court to recover money resulting from the IRS's disallowance of his claim. IRS Letter, Ex. G. Hence, because Plaintiff filed this case on June 5, 1992, Plaintiff believes that he complied with the appropriate statute of limitations. The IRS notice of June 7, 1990 was sent pursuant to 26 U.S.C. § 6532(a), which imposes a period of limitations on filing suit for refund after denial of an administrative claim. However, the IRS notice presupposes that Plaintiff filed a timely administrative claim as required by § 6511(a). As discussed above, Plaintiff has failed to comply with the timely filing provisions of 26 U.S.C. § 6511(a). The limitations requirement relating to the filing of an administrative claim is a separate procedure from the requirements of § 6532(a). Consequently, the fact that Plaintiff complied with the provisions of § 6532(a) does not excuse Plaintiff's noncompliance with § 6511(a).

*Request To Release The Liens*

Plaintiff argues that he is entitled to a release of the liens because he made the payment upon the express and admitted promise of the IRS to release its liens on the property. Plaintiff asserts that he is entitled to relief pursuant to the FTCA, the Tucker Act, and the APA.

■ The FTCA exempts any claim arising in respect of the assessment or collection of any tax. 28 U.S.C. § 2680(c). The Fifth

Circuit has held that this exemption to the FTCA applies to all tax-related claims. *Interfirst Bank Dallas, N.A. v. United States,* 769 F.2d 299, 307 (5th Cir.1985), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986). Therefore, Plaintiff's tax-related claims are barred under the FTCA.[2]

■ Plaintiff argues that he is entitled to relief under the Tucker Act. The Tucker Act entitles a plaintiff to recover only money damages. *Jones v. Alexander,* 609 F.2d 778 (5th Cir.1980), *reh'g denied,* 613 F.2d 314 (1980), *cert. denied,* 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980). In order to be entitled to relief against the United States, Plaintiff was required to file his claim within six years from the time his cause of action accrues. 28 U.S.C. §§ 2401(a), 2501. No cause of action generally accrues until the plaintiff has a right to enforce his cause.

Plaintiff submitted payment to the IRS in January 1986. The title company attempted to acquire the release of the liens on two different occasions as of March 17, 1986. Complaint, p. 3. On March 18, 1986, the IRS advised the title company that it would not release the tax liens. Thus, Plaintiff's cause of action accrued as of March 18, 1986. However, Plaintiff did not file this lawsuit until June 5, 1992. The six year statute of limitations contained in 28 U.S.C. § 2401(a) applies to actions brought under the Tucker Act. *United States v. One 1961 Red Chevrolet Impala Sedan,* 457 F.2d 1353, 1357 (5th Cir.1972). Failure to bring an action within the applicable statute of limitations does not merely provide the government with a defense to the action, "but deprives the district court of jurisdiction to hear the action at all." *Id.* Thus, Plaintiff is not entitled to relief under the Tucker Act, or any other act that applies the statute of limitations contained in 28 U.S.C. § 2401(a). Plaintiff's other basis for relief under the APA is also restricted to the six year statute of limitations of § 2401(a). *Nicolas v. United States,* 972 F.2d 1339 (9th Cir.1992).

---

was not the "taxpayer," the Supreme Court stated that § 6511(a) provides only a deadline for filing for administrative relief, it is not a limit on who may file. *Williams,* —— U.S. at ——–——, 115 S.Ct. at 1617–18.

**2.** *See McMillen v. United States Dept. of Treasury,* 960 F.2d 187 (1st Cir.1991), preventing a taxpayer from maintaining a claim for a release of a tax lien against the IRS based on the FTCA.

■ Finally, the Court wants to point out that a taxpayer can sue the United States to "quiet title" to property on which the government has placed a lien pursuant to 28 U.S.C. § 2410(a). *McMillen v. U.S. Dept. of Treasury*, 960 F.2d 187 (1st Cir.1991). However, "not until the taxpayer either settles his differences with the IRS, or observes the rules, pays the tax, files a refund action and obtains judgment in his favor, may he sue under § 2410 to obtain a release of the liens." *Id.* at 189. In this case, Plaintiff cannot utilize the relief provided in § 2410 because he has not obtained a judgment in his favor based on a claim for refund.

In conclusion, while the Court agrees that the conduct of the IRS was less than honorable, Plaintiff waited too long in seeking the appropriate relief.[3]

It is hereby Ordered that Defendant's First Supplement To Motion To Dismiss Or For Summary Judgment is granted resulting in a dismissal of Plaintiff's complaint.

It is further Ordered that Plaintiff's Counter Motion is denied.

SO ORDERED.

---

**3.** The Court finds it puzzling, to say the least, that the IRS did not return Alexander's money in the course of the administrative claims process. Clearly, under the facts of this case, the IRS was not entitled to Alexander's money.