**Olemeforo I. NWANGORO and Gloria Jean Nwangoro, Plaintiffs,**

v.

**DEPARTMENT OF THE ARMY, Defendant.**

**Civil Action No. 3:95–CV–3069–P.**

United States District Court, N.D. Texas, Dallas Division.

Oct. 2, 1996.

---

Olemeforo I. Nwangoro and Gloria Jean Nwangoro, pro se.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Presently before this Court are Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, filed June 21, 1996; Plaintiffs' Response thereto, filed July 12, 1996; Defendant's Reply Brief, filed July 26, 1996; and Defendant's Supplemental Authority, filed August 1, 1996. For the reasons stated below, the Court finds that Defendant's motion should be GRANTED.

At the time of the events giving rise to this action, Plaintiff Gloria Jean Nwangoro was employed as a Department of Defense (DOD) school instructor and resided in Germany; her husband, Olemeforo Nwangoro, also lived in Germany as Mrs. Nwangoro's dependent. Plaintiffs have filed this action to complain about violations of the Privacy Act and various other civil rights violations allegedly perpetrated by the United States Military Police in connection with its investigation of possible breaches of Army regulations and German customs laws by Olemeforo Nwangoro. More specifically, the Nwangoros complain that Military Police investigators falsely prosecuted Olemeforo Nwangoro and placed him in double jeopardy; invaded Plaintiffs' privacy; and violated the Privacy Act by obtaining Plaintiffs' bank records under false pretenses and wrongfully forwarding them to German customs authorities for purposes of prosecution.

Defendant now moves for dismissal of Plaintiffs' claims on the grounds that the Court lacks subject matter jurisdiction over all causes of action asserted by Plaintiffs. The Court agrees.

## ANALYSIS

### A. STANDARD

Since both parties have relied upon evidence extraneous to their pleadings, the Court will decide Defendant's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. A court may treat a motion to dismiss as one for summary judgment under Rule 56 if the motion presents matters outside the pleadings that are not excluded by the Court. Fed.R.Civ.P. 12(b). Summary judgment, in turn, is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party must identify the evidence on file in the case which establishes the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53.

Once the moving party has made an initial showing, the party opposing the motion must offer evidence sufficient to establish the existence of essential elements of the party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). All evidence and the inferences to be drawn therefrom "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1123 (5th Cir.1979). However, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to his case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

## B. PLAINTIFFS' TORT CLAIMS

■ It is clear that the United States government enjoys sovereign immunity except under those limited circumstances where Congress has expressly waived that right. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). While the Federal Tort Claims Act (FTCA) constitutes such a waiver, it must be strictly construed in favor of the United States. 28 U.S.C. § 1346(b); *see United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 808, 104 S.Ct. 2755, 2761–62, 81 L.Ed.2d 660 (1984).

■ The Court finds that, insofar as Plaintiffs' Complaint seeks to bring claims under the FTCA, these claims are subject to dismissal for lack of subject matter jurisdiction. First, tort claims arising in a foreign country are fully exempted from the FTCA. 28 U.S.C. § 2680(k); *Smith v. United States,* 507 U.S. 197, 201, 113 S.Ct. 1178, 1181–82, 122 L.Ed.2d 548 (1993). Since all of Plaintiffs' claims relate to events occurring in Germany, the FTCA's waiver of sovereign immunity does not apply to them.

Second, even assuming that Plaintiffs can bring a viable cause of action under the FTCA, such claims cannot survive summary judgment because Plaintiffs have failed to exhaust their administrative remedies. It is a fundamental jurisdictional prerequisite to commencement of a claim under the FTCA that a claimant seeking money damages from the United States in compensation for property damage or personal injury must first present his or her complaint to the appropriate federal agency. 28 U.S.C. § 2675(a); *Cook v. United States,* 978 F.2d 164, 166 (5th Cir.1992). Plaintiffs do not dispute that they never filed an appropriate administrative complaint. Consequently, the Court cannot exercise jurisdiction over their present tort claims.

■ Finally, Defendant correctly notes that Plaintiffs' tort claims are now entirely barred by the statute of limitations. By statute, any tort claim against the United States is precluded unless it is first presented in writing to the appropriate federal agency within two years after the claim accrues,

or unless an action is instituted within six months after the agency has mailed a notice of final denial. 28 U.S.C. § 2401(b). Plaintiffs claim that they became aware on June 7, 1993 that Olemeforo Nwangoro had been falsely accused by Military Police investigators. Complaint, Exhibit 2. Nevertheless, they never filed an administrative complaint and did not institute the present action until December 13, 1995, more than two and one half years thereafter. As a consequence, they can no longer assert a timely claim.

In light of the foregoing considerations, the Court hereby grants summary judgment on Plaintiffs' causes of action asserted under the FTCA.

## C. PLAINTIFFS' CONSTITUTIONAL CLAIMS

■ Plaintiffs also appear to assert that Defendant violated their constitutional rights. The United States has not, however, waived its sovereign immunity with respect to constitutional torts. *See FDIC v. Meyer,* 510 U.S. 471, 476–77, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994). This cause of action is therefore likewise subject to entry of summary judgment.

## D. PRIVACY ACT VIOLATIONS

■ Finally, Plaintiffs cannot state an actionable claim for infringement of the Privacy Act. That Act provides an aggrieved party the right to file suit against a federal agency for certain statutory violations. 5 U.S.C. § 552a(g)(1). Any action filed more than two years after the date on which the cause of action accrued, however, is barred by the Privacy Act's statute of limitations. *Id.* § 552a(g)(5). A cause of action accrues once the plaintiff knows or has reason to know of the adverse action. *Rose v. United States,* 905 F.2d 1257, 1259 (9th Cir.1990). Thus, the limitations period commences not when the plaintiff first obtains possession of the particular records at issue, but rather when he first knew of their existence. *Bowyer v. United States Dep't of Air Force,* 875 F.2d 632, 637 (7th Cir.1989), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990).

In the case at bar, it is evident that Plaintiffs were aware that their bank records had been obtained by the Military Police as early as October 6, 1993, when they sent a request to Merchants National Bank seeking copies of all documents requested by U.S. or foreign authorities and given by the bank to those authorities. Defendant's Exhibit 5. On October 22, 1993, the bank responded by indicating that copies of 148 checks, 11 wire transfers, and 32 bank statements had been delivered to Military Police customs investigators. Defendant's Exhibit 6. Since Plaintiffs did not file their suit until December 13, 1996, well over two years after they became aware of the alleged violation of their privacy rights, their claim is barred by the Privacy Act's two-year statute of limitations.

In addition, Defendant is entitled to summary judgment on this cause of action because the Army's actions are governed by the "routine use" exception to the Privacy Act. 5 U.S.C. §§ 552a(b)(3), 552a(a)(7). Disclosure of documents relating to suspected criminal activity to foreign law enforcement agencies is specifically authorized by Army regulations. System A0509.21aDAPE—Local Criminal Information Files, 50 Fed.Reg. 22090–22164, *modified,* 53 Fed.Reg. 28249–28555; *see also* 32 C.F.R. § 505.3(b)(1) & (b)(6). Here, Military Police merely released financial records obtained in an ongoing criminal investigation to German customs officials likewise involved in an investigation of possible infractions of German tax and customs laws by Olemeforo Nwangoro. Such disclosures are permitted by the "routine use" exception and do not constitute a violation of the Privacy Act.

### E. OTHER BASES FOR JURISDICTION

In their response to Defendant's Motion for Summary Judgment, Plaintiffs raise various additional statutory grounds for placing jurisdiction in this Court. The Court finds these to be without merit. Thus, Plaintiffs contend that jurisdiction would be proper under 42 U.S.C. section 2000aa–6; that statute, however, waives sovereign immunity only with regard to claims for the unlawful search for, and seizure of, work product materials "possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication." 42 U.S.C. § 2000aa(a). Since Plaintiffs have made no allegation that the items seized from them were public communication work product, or obtained from them in violation of their First Amendment rights, this waiver provision is inapplicable to their claims. Likewise, Plaintiffs cannot seek to base jurisdiction on 42 U.S.C. section 1981, which bars discrimination in the making and enforcement of contracts, as no contractual cause of action has been asserted in Plaintiffs' Complaint.

### CONCLUSION

In summary, this Court lacks subject matter jurisdiction over all causes of action asserted by Plaintiffs. Defendant's motion for summary judgment is therefore GRANTED.

**So Ordered.**