**Dwight CONNOR Plaintiff,**

v.

**Ron MATTHEWS, Defendant.**

**No. 3:00–CV–2764–X.**

United States District Court, N.D. Texas, Dallas Division.

March 19, 2001.

### MEMORANDUM OPINION AND ORDER

KENDALL, District Judge.

Before the Court are Defendant's Motion to Dismiss, filed January 31, 2001; Plaintiff's Response/"Motion to Return to

Constitutional Court," filed February 12, 2001; and Defendant's Supplement to the Motion to Dismiss, filed February 14, 2001. Plaintiff's Response contains a request that the Court remand this action to state court; the Court **DENIES** Plaintiff's Motion for Remand. The Court **GRANTS** Defendant's Motion to Dismiss.

## I. Plaintiff's Remand Issue

■ At the outset, Plaintiff labels his February 12, 2001 filing as "Motion to Return to Constitutional Court," although the first page characterizes it as his response to Defendant's Motion to Dismiss. Construing the document as a Motion to Remand, that Motion is **DENIED.** The Complaint asserts causes of action against Defendant, an IRS agent, either in his official or individual capacity. Removal to federal court is proper where an officer of the United States is "sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue." 28 U.S.C. §§ 1441(a), 1442(a)(1). This case is properly in federal court.

## II. Defendant's Motion to Dismiss

This is a tax protestor case. Plaintiff Dwight Connor, pro se, has sued Ron Matthews, a collection agent for the Internal Revenue Service. Plaintiff's Original Complaint alleges: (1) Defendant used "unconstitutional procedures" to levy on Plaintiff's paycheck "without the permission and . . . knowledge" of Plaintiff; (2) Plaintiff's actions "show great disregard for contracts between Plaintiff and [his employer]";[1] and (3) Defendant misled Plaintiff as to the actions Defendant would take, thus constituting a fraud on Plaintiff.

The Complaint does not identify any statutory bases for relief, nor does it identify a particular provision of the Constitution. The Complaint does state that the claims are of a common law and "not of a *statutory* nature." *See* Pl.'s Orig. Compl. at 3. Plaintiff's prayer for relief seeks only money damages, stating:

> Plaintiff is entitled to the alleged amount of alleged levy of $17,997.71 under the Common Law, reasonable legal fees in all court levels and any additional punitive damages of $250,000.00 for the purpose of making sure that this Defendant will never take such fraudulent action in the future and any and all additional damages as may be set in the discretion of the Judge of the Court.

Pl.'s Orig. Compl., at 3. The Complaint fails to set forth any reason that sovereign immunity should not apply.

Defendant's Motion to Dismiss involves both 12(b)(1) and 12(b)(6) bases for dismissal, and characterizes Plaintiff's complaint as a suit against Matthews in his official capacity. *See* Notice of Removal at ¶ 2. Plaintiff never states whether his intent is to sue Matthews in his individual or official capacity, but does not contest Defendant's characterization. The Court will nevertheless evaluate both possibilities.

### A. Suit Against Matthews in his Official Capacity

■ First, suits brought against IRS employees in their official capacities are treated as suits against the United States. *State of Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989). Sovereign immunity bars suits against the United States unless the Unit-

---

**1.** It is not clear how to characterize Plaintiff's "disregard for contracts" claim Because the Constitution's impairment of contracts clause applies only to states, U.S. CONST., ART. I, § 10, the Court reads it as a sort of "tortious interference" claim, consistent with Plaintiff's position that he is suing under the common law.

ed States has expressly consented to suit. *See Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). Plaintiff has not identified, and this Court's research has not revealed, any basis for finding that the United States has consented to be sued for the common law causes of action alleged in the Plaintiff's Complaint. Furthermore, to the extent that consent and valid causes of action do exist, the Court of Claims has exclusive jurisdiction.

■ (1) The United States has expressly *withheld* consent to be sued under the Federal Tort Claims Act for claims arising from the assessment or collection of taxes. 28 U.S.C. § 2680(c). The section 2680(c) bar is valid despite the fact that Plaintiff attempts to characterize his causes of action as common law tort claims. *See Interfirst Bank Dallas v. United States,* 769 F.2d 299, 306 (5th Cir.1985)(holding that section 2680(c) barred a common law claim for conversion based on tax collection activities).

■ (2) The Administrative Procedure Act does not provide consent to be sued for money damages. *See APA,* 5 U.S.C. § 702; *Wilhite v. United States,* 2001 WL 124937, *4 (N.D.Tex. Jan.12, 2001)(citing *Kanemoto v. Reno,* 41 F.3d 641, 644 (Fed. Cir.1994)). To the extent that Plaintiff states a claim by alleging that Defendant used "unconstitutional procedures," Plaintiff's suit is nevertheless barred because he seeks only money damages.

■ (3) The Internal Revenue Code does provide a damages remedy for unauthorized collection activities. 26 U.S.C. § 7433. Section 7433, also known as the Taxpayer's Bill of Rights, serves as Congress's statement that the United States consents to suit where IRS employees or agents "recklessly or intentionally disregard" certain procedures or regulations.

■ However, Plaintiff's complaint does not allege that agent Matthews recklessly or intentionally disregarded any IRS procedures or regulations. The Complaint does not refer to section 7433, and in fact expressly disclaims any statutory basis. Section 7433 is in any case unavailing until Plaintiff has exhausted his administrative remedies under that provision, and there is no allegation that he has done so. Failure to exhaust administrative remedies is a jurisdictional bar to proceeding under section 7433. *Venen v. United States,* 38 F.3d 100, 103 (3d Cir.1994); *Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992).

■ (4) The Internal Revenue Code also provides a remedy for refund of taxes improperly collected. 26 U.S.C. § 7422. However, section 7422, like section 7433, has administrative exhaustion requirements, including full payment of the amount assessed, that Plaintiff does not allege have been fulfilled. And, as noted above, Plaintiff has disclaimed any intention of proceeding under a statutory cause of action.

■ (5) To the extent that Plaintiff's Complaint can be construed as a suit under the Tucker Act against the United States founded on the Constitution or any Act of Congress, and is not a suit for refund under 28 U.S.C. § 1346(a)(1), the Court of Claims has exclusive jurisdiction because Plaintiff's claims are for more than $10,000. *Wilkerson v. United States,* 67 F.3d 112, 118–19 & n. 12 (5th Cir.1995).

The Court therefore **GRANTS** Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's claims against Defendant Matthews in his official capacity, because of the doctrine of sovereign immunity, and for lack of subject matter jurisdiction.

**B. Suit Against Matthews in his Individual Capacity**

To the extent that any of Plaintiff's causes of action may be construed as tar-

geting Matthews in his *individual* capacity, sovereign immunity does not serve as a bar to suit. The Court therefore considers whether Plaintiff has stated a claim for which relief may be granted. Rule 12(b)(6) motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. *See Lowrey v. Texas A & M,* 117 F.3d 242, 247 (5th Cir.1997). There are two primary considerations for a court's analysis of the propriety of dismissal under Rule 12(b)(6). First, the court must accept as true all well-pleaded facts in the Complaint, and the Complaint is to be liberally construed in favor of the plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The plaintiff must plead specific facts, not mere conclusory allegations. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). Second, a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kaiser Aluminum Chem. Sales, Inc. v. Avondale,* 677 F.2d 1045, 1050 (5th Cir.1982). Dismissal is warranted under Rule 12(b) when the facts alleged, taken as true, fail to state a claim for relief. *See Kaiser Aluminum,* 677 F.2d at 1050.

▮ Where government employees acting under color of federal law violate individual rights, Courts may recognize an action for damages against that federal employee. *Bivens v. Six Unknown Federal Agents,* 403 U.S. 388, 395–96, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Courts will not imply a *Bivens* remedy where (1) "special factors counsel hesitation in the absence of affirmative action by Congress"; or (2) there is another remedy, equally effective in the view of Congress. *Id.* at 397, 91 S.Ct. 1999. In the present case, the Court cannot imply a *Bivens* remedy both because Plaintiff has not pled a violation of his rights, and there is an effective

alternative remedy. The existence of a Congressionally established alternative remedy for Plaintiff's wrongful collection claims makes 12(b)(6) dismissal particularly appropriate; no matter what facts Plaintiff could adduce in support of his three claims, the remedies contained in the tax code render a *Bivens* remedy unavailing. *See Haas v. Schalow,* 1998 WL 904727 (7th Cir.1998)(table disposition, 172 F.3d 53, 1998 WL 904727)(motion to dismiss proper when no *Bivens* remedy available in a wrongful levy case); *Lawrence v. United States,* 2000 WL 1182452 (6th Cir.2000)(table disposition, 229 F.3d 1152)(dismissal proper when taxpayer sought individual damages via *Bivens* for collection activities); *Barron v. United States,* 998 F.Supp. 117, 121 (D.N.H.1998)(motion to dismiss is a proper means of challenging availability of *Bivens* remedy); *Barnard v. Pavlish,* 1998 WL 247768, \*9 (M.D.Pa. March 30, 1998); *Shreiber v. Mastrogiovanni,* 1999 WL 99093 (D.N.J. March 1, 1999), aff'd. 214 F.3d 148 (3d Cir.2000); *Devore v. Gannett,* 1999 WL 1001592 \*1 (D.D.C. Sept.21, 1999); see also *Zuspann v. Brown,* 60 F.3d 1156, 1160 (5th Cir.1995)(Rule 12(b)(6) dismissal proper where special factors counsel hesitation in implying a *Bivens* remedy).

In this Circuit, if there is a *Bivens* action to be had in an abusive tax collection case, it would be derived from *Rutherford v. United States,* 702 F.2d 580, 584–85 (5th Cir.1983). In *Rutherford,* the Court held that certain collection actions taken by Internal Revenue agents may rise to the level of malice, harassment, or vendetta such that a substantive due process right *may* be violated. *Id.* at 584–85. The Fifth Circuit did not conclusively hold that such a right existed, *see Morales v. Haynes,* 890 F.2d 708, 710 (5th Cir.1989), but directed that the District Court on remand consider both the existence of a

"liberty interest in freedom from abusive behavior," and whether Congress had provided an alternative remedy that could effectively compensate a taxpayer for abusive tax collection. *Rutherford,* 702 F.2d at 584. With respect to the alternative remedy issue, the *Rutherford* Court found simply that a refund proceeding was not "the process that [was] due" in an abusive collection case. *Id.* at 584. This Court concludes that *Rutherford* does not provide a basis for allowing a *Bivens* cause of action to proceed in the present case.

First, Plaintiff has failed to state a claim because he has not alleged a cognizable constitutional violation. He has not allege a substantive due process violation of the sort that *Rutherford* suggested might exist. At least one district court in this circuit has found that absent an allegation that a tax official deliberately and improperly harassed the taxpayer during the tax collection process, a *Bivens* action against the official is not available. *Paulson v. United States,* 1998 WL 91229, *2 n. 5 (N.D.Tex. Feb.19, 1998)(citing *Baddour, Inc. v. United States,* 802 F.2d 801, 807–08 (5th Cir.1986)). While the Fifth Circuit has declined to elaborate on the scope of the substantive due process right suggested in *Rutherford, see Wilkerson,* 67 F.3d at 118, other Circuits have stated that "[n]ot every interference with peace of mind is a deprivation of liberty within the meaning of the Constitution." *Cameron v. Internal Revenue Service,* 773 F.2d 126, 129 (7th Cir.1985); *McMillen v. United States Dept. of Treas.,* 960 F.2d 187, 190 (1st Cir.1991). The vague interference with contract and perpetration of a fraud allegations in Plaintiff's Complaint are more consistent with the "borderline tort" causes of action rejected by the *Cameron* and *McMillen* courts as alleging substantive due process violations, than the extensive pattern of harassment and abuse at issue in *Rutherford.*

■ Plaintiff has also failed to plead a viable procedural due process violation. Plaintiff claims that the IRS levied on him without notice or permission. The IRS did not need to give notice or receive permission. The Supreme Court has repeatedly held that it is not a due process violation to postpone judicial inquiry until after tax collection has occurred. *See Phillips v. Comm'r,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). "It is well-established that the government's need for revenue justifies the use of summary procedures to collect money, followed by a later hearing on the seizure." *Anderson v. United States,* 754 F.2d 1270, 1272 (5th Cir.1985)(quoting *Zernial v. United States,* 714 F.2d 431, 435 (5th Cir. 1983)). Plaintiff has not alleged that he has been deprived of an opportunity to contest the IRS's actions in a post-deprivation proceeding. A Rule 12(b)(6) dismissal is proper where the plaintiff's purported constitutional violations fail to allege a deprivation of a protected liberty or property interest. *Vander Zee v. Reno,* 73 F.3d 1365, 1369–71 (5th Cir.1996).

Second, and as an independent basis for granting the motion to dismiss for failure to state a claim, no *Bivens* remedy is available in this case. The Taxpayer Bill of Rights, 26 U.S.C. § 7433, serves as an adequate and effective remedy for taxpayers seeking redress for abusive tax collection practices. *See Haas v. Schalow,* 1998 WL 904727 (7th Cir.1998)(table disposition, 172 F.3d 53), cert. denied, 526 U.S. 1115, 119 S.Ct. 1762, 143 L.Ed.2d 793 (1999); *Fishburn v. Brown,* 125 F.3d 979, 982–83 (6th Cir.1997); *Dahn v. United States,* 127 F.3d 1249, 1254 (10th Cir.1997); *Vennes v. An Unknown Number of Unidentified Agents,* 26 F.3d 1448, 1454 (8th Cir.1994), cert. denied, 513 U.S. 1076, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995); *McMillen,* 960

F.2d at 190–91 (1st Cir.1991); *Wages v. Internal Revenue Serv.,* 915 F.2d 1230, 1235 (9th Cir.1990); (all relying on *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) and/or *Bush v. Lucas,* 462 U.S. 367, 386–89, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)). Section 7433 states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433.

The Fifth Circuit has not directly addressed whether section 7433 is an adequate remedy for taxpayers, such that the *Bivens* avenue is now foreclosed in abusive collection suits. Both *Rutherford* and *Baddour* have made clear that district courts should determine whether an implied *Bivens* remedy is warranted after considering the availability of statutory alternatives. The *Rutherford* Court found simply that a refund proceeding was not "the process that [was] due" in an abusive collection case; a refund could restore a taxpayer's wrongfully collected taxes, but could not compensate the taxpayer for the abuse. *See* 702 F.2d at 584. This Court agrees with the numerous Circuit Courts expressly holding that the subsequently enacted section 7433 of the Internal Revenue Code creates an adequate taxpayer remedy obviating the need for *Bivens* actions in improper collection cases. Section 7433 is sufficient both with respect to any wrongful "fraudulent" or "tortiously interfering" conduct alleged by Plaintiff, and

with respect to due process violations. *See Vennes,* 26 F.3d at 1454; *McMillen,* 960 F.2d at 190; *Wages,* 915 F.2d at 1230. The language in *Rutherford* and *Baddour* is consistent with the "alternative remedy" reasoning other circuits have applied to wrongful collection cases in the wake of the Taxpayer Bill of Rights.

Given the variety of barriers to Plaintiff's causes of action, and without even beginning to evaluate qualified immunity issues, the Court finds that Plaintiff has failed to state a claim against Matthews in his individual capacity. The Court **GRANTS** Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6).[2] Plaintiff has not alleged cognizable constitutional violations, and to the extent that he has, a *Bivens* remedy is not available in the face of an elaborate statutory scheme for recovery.

## III. Conclusion

For the reasons stated above, Plaintiff's Motion to Remand is **DENIED,** and Defendant's Motion to Dismiss is **GRANTED.** To the extent that Plaintiff may eventually be able to state a claim against the United States under sections 7433 or 7422 after having exhausted his administrative remedies, and to the extent that his present Complaint can be read as attempting to state a claim under those sections, his Complaint is dismissed without prejudice. In all other respects, his Complaint is dismissed with prejudice.

**SO ORDERED.**

---

**2.** While Defendant generally characterizes Plaintiff's Complaint as suing Matthews in his official capacity, Defendant argues that the Complaint fails to state a claim "regardless of who Plaintiff is suing." *See* Def.'s Mot. to Dismiss, at 4.