**Ronald G. HARRIS, Susette M. Harris, Erin Leigh Harris, Rebekah Ann Harris, and Cody Glenn Harris, Plaintiffs,[1]**

v.

**UNITED STATES of America, Carabeth Luckey, officially and individually, Barbara Howze, officially and individually, Joseph Macaluso, officially and individually, Don H. Williams, officially and individually, and Penny Son, officially and individually, Defendants.**

No. CIV.A. H–03–4395.

United States District Court, S.D. Texas, Houston Division.

Aug. 24, 2004.

---

1. Plaintiffs Ronald G. Harris and Susette M. Harris, both *pro se*, are the only named Plaintiffs who signed the Complaint and Amended Complaint. Named Plaintiffs Erin Leigh Harris, Rebekah Ann Harris, and Cody Glenn Harris, who have not appeared personally or by counsel, therefore will be stricken as parties. *See* Fed.R.Civ.P. 11.

Ronald G. Harris, Pinehurst, TX, pro se.

Susette M. Harris, Pinehurst, TX, pro se.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending are Defendants' Amended Motion to Dismiss or for Summary Judgment (Document No. 12); Defendants Luckey's and Howze's Motion to Dismiss or for Summary Judgment (Document No. 13); and Individual Defendants Macaluso's, Williams's and Son's Motion to Dismiss or for Summary Judgment (Document No. 24).[2] After carefully considering the motions, responses, and the applicable law, the Court concludes as follows:

### I. Background

Plaintiffs allege that "[o]n April 24, 1997, defendants (Revenue Officer Carabeth Luckey, Group Manager Barabara Howze, "Chief collection Division" Joseph Macaluso, Acting District Director Don Williams, and Field Branch Chief Penny Son) under color of federal law violated the Harrises clearly established fourth and fifth amendment rights when defendants served and approved the levy of plaintiffs' principal residence under 26 U.S.C. § 6334(e)(1) without notice of the internal guidelines and the basis for certain approval by the district director." Document No. 1 ¶ 2. Plaintiffs allege violations of their Fourth and Fifth Amendment rights, and seek damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

### II. Standard of Review

#### A. Rule 12(b)(1)

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED R. CIV P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Id. (citing Barrera–Montenegro v. United States, 74 F.3d 657, 659 (5th Cir.1996)). The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. See id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981) (holding the existence of disputed material facts does not preclude a court from evaluating the merits of a jurisdictional challenge)). Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. See Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir.1990); Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the

---

**2.** Also pending are Defendants' Motion to Dismiss or for Summary Judgment (Document No. 6) and Defendants' Joint Motion to Stay Discovery (Document No. 26). Defendants' Motion to Dismiss is superseded by Defendants Amended Motion to Dismiss (Document No. 12), and will therefore be DENIED as MOOT. The Joint Motion to Stay Discovery will be DENIED as MOOT in light of this Memorandum and Order.

pleadings. *Paterson*, 644 F.2d at 523. When presented with a facial challenge to subject matter jurisdiction, the court examines whether the allegations in the complaint are sufficient to invoke the court's subject matter jurisdiction, assuming the allegations to be true. *Id.*

■■■ When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the court's jurisdiction is a factual attack. *Paterson*, 644 F.2d at 523. A plaintiff responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.* If, however, the facts necessary to sustain jurisdiction implicate the merits of the plaintiff's cause of action, then the court must proceed as it would under Fed.R.Civ.P. 12(b)(6) or, in a proper case, Rule 56. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350–51 (5th Cir.1989); *see also Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2232 n. 2, 81 L.Ed.2d 59 (1984) (accepting allegations as true on appeal because district court's reasoning made clear that it had dismissed complaint on ground that allegations did not state Title VII claim, even though district court invoked Rule 12(b)(1) rather than Rule 12(b)(6)).

B. *Rule 12(b)(6)*

Fed.R.Civ.P. 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *See id.*

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). Dismissal of a claim is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir.1977). Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). While a court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as well as documents that are referred to in and central to the complaint. *See Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir.2004); *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir.2003).

III. *Discussion*

A. *United States*

■■■ "The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir.2004). The consent must be unequivocally expressed, and even a partial

waiver of sovereign immunity must be strictly construed in favor of the government. *See id.*

1. *Federal Tort Claims Act*

 The FTCA subjects the United States to liability for injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b); *see Metropolitan Life Ins. Co. v. Atkins,* 225 F.3d 510, 512 (5th Cir.2000). There is excepted from the FTCA, however, "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c).[3] *See Alexander v. United States,* 890 F.Supp. 598, 600 (N.D.Tex.1995) ("The FTCA exempts any claim arising in respect of the assessment or collection of any tax."); *Interfirst Bank Dallas, N.A. v. United States,* 769 F.2d 299, 307 (5th Cir.1985) (section 2680(c) is unambiguous and "specifically applies to *all* tax-related claims"), *cert. denied* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986). The language of § 2680(c) "is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties." *Capozzoli v. Tracey,* 663 F.2d 654, 658 (5th Cir.1981). Plaintiffs' allegations are entirely about the conduct of the defendant IRS agents' conduct related to their duties to the government, and Plaintiffs allege no tortious conduct unrelated to the official levy on Plaintiffs' principal residence. The United States has not waived its sovereign immunity on these claims, which cannot be maintained under the FTCA.

2. *Constitutional Torts*

 Plaintiffs' claims of Fourth and Fifth Amendment violations against the United States are barred by sovereign immunity. *See Reinbold v. Evers,* 187 F.3d 348, 355 n. 7 (4th Cir.1999) ("While *Bivens* actions allow for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself."); *Nwangoro v. Dept. of Army,* 952 F.Supp. 394, 397 (N.D.Tex.1996) ("The United States has not, however, waived its sovereign immunity with respect to constitutional torts").

3. *Unauthorized Collection Activity*

Title 26 U.S.C. § 7433(a) permits a taxpayer to bring a civil action against the United States where "in connection with any collection of Federal tax with respect to [that] taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title . . . ." *See Gandy Nursery, Inc. v. United States,* 318 F.3d 631, 637 (5th Cir.2003) (section 7433(a) provides waiver of sovereign immunity with respect to civil action described therein). Plaintiffs, however, explicitly disavow bringing any such statutory claim. *See* Document No. 10, at 3. Moreover, such a claim would be barred by the two-year statute of limitations in § 7433(d).

B. *Individual Defendants*

1. *Federal Tort Claims Act*

 Title 28 U.S.C. § 2679(b) provides absolute immunity to any federal employee acting within the '*scope of his office or employment.*' *Palmer v. Flagg-*

---

**3.** Amendments to § 2680(c) in 2000 provided several exceptions to this rule, but they apply only to forfeiture proceedings commenced 120 days after April 25, 2000. *See* Civil Asset For-feiture Reform Act of 2000, Pub.L. No. 106–185, 114 Stat. 202.

*man,* 93 F.3d 196, 200 (5th Cir.1996). "[W]hether a particular federal employee was or was not acting within the scope of his employment is controlled by the law of the state in which the negligent or wrongful conduct occurred." *Garcia v. United States,* 62 F.3d 126, 127 (5th Cir.1995).

None of Plaintiffs' allegations in the Amended Complaint asserts that any of Defendants' actions were outside the scope of their employment. *See Garcia v. United States,* 88 F.3d 318, 320 (5th Cir.1996) ("Under Texas law, an employee is within the scope if acting (1) within the general authority given by the employer, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object for which employed."); *Christensen v. Ward,* 916 F.2d 1462, 1476 (10th Cir.1990) ("The authority to collect assessed taxes by levy is specifically delegated to IRS agents.") Indeed, nowhere do Plaintiffs allege that in conducting the levy, the individual Defendants deviated from or failed to comply with any applicable statutory or regulatory provisions, such as 26 U.S.C. § 6331(d)(4).[4] Under Plaintiffs' pleadings, the individual Defendants have absolute immunity for their alleged conduct because they were acting within the scope of their employment as government employees. They are therefore entitled to dismissal of Plaintiffs' tort claims.

### 2. *Constitutional Tort (Bivens)*

■■■■ Plaintiffs bring their Fourth and Fifth Amendment claims pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "Under *Bivens,* a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights." *Brown v. Nations-*

*bank Corp.,* 188 F.3d 579, 590 (5th Cir. 1999).

■■■■ "Courts will not imply a *Bivens* remedy where (1) 'special factors counsel hesitation in the absence of affirmative action by Congress'; or there is another remedy, equally effective in the view of Congress." *Connor v. Matthews,* 134 F.Supp.2d 797, 801 (N.D.Tex.2001) (quoting *Bivens,* 91 S.Ct. at 2005). *Cf. Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 122 S.Ct. 515, 521, 151 L.Ed.2d 456 (2001) (stating that in thirty years of *Bivens* jurisprudence, the Supreme Court has extended its holding only twice, "to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct.")

"The Court's refusal to extend *Bivens* has been especially apparent in cases involving complex statutory schemes in which Congress has considered and created meaningful avenues for redress." *Judicial Watch, Inc. v. Rossotti,* 317 F.3d 401, 409 (4th Cir.2003). As explained above, 26 U.S.C. § 7433—the "Taxpayer's Bill of Rights"—provides a limited waiver of sovereign immunity for injuries caused by IRS employees' intentional or reckless disregard of tax laws in connection with the collection of taxes. "Section 7433 is sufficient both with respect to any wrongful 'fraudulent' or 'tortiously interfering' conduct alleged by [a plaintiff], and with respect to due process violations." *Connor,* 134 F.Supp.2d at 803.

■■■■ Plaintiffs in this case allege fraudulent conduct by the individual Defendants

---

4. Instead, Plaintiffs allege the existence of an independent duty to disclose the internal guideline and basis for certain approval pursuant to *Memphis Light, Gas, and Water Division v. Craft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). *See infra,* at 770–72.

in serving and approving a levy under 26 U.S.C. § 6334(e)(1) without disclosing to Plaintiffs certain internal guidelines, and the District Director's basis for certain approval under § 6334(e). *See* Document No. 3. If this states any wrongful collection conduct, or violation of the Internal Revenue Code or applicable regulations, it is the very kind of claim that Plaintiffs may bring under § 7433, which provides an adequate remedy. *Cf. Connor*, 134 F.Supp.2d at 799–803 (holding that § 7433 provided an adequate alternative to *Bivens* where the plaintiff complained that IRS agent used "unconstitutional procedures" in levying on plaintiff's paycheck and fraudulently misled plaintiff as to applicable procedures).[5] A *Bivens* action is therefore not available.

Plaintiffs contend that § 7433 does not provide them a remedy because the individual Defendants deprived them of due process by failing to disclose internal guidelines used by the district director in determining whether to approve a levy on their principal residence. There was no statute or regulation at the time that required disclosure to taxpayers of those internal operating procedures. If there had been such a statutory requirement, of course, then Plaintiffs' remedy would be under § 7433.

Plaintiffs rely for their constitutional due process argument on *Memphis Light, Gas, and Water Division v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). In *Memphis* the Supreme Court held:

Because of the failure to provide notice reasonably calculated to apprise respondents of the availability of an administrative procedure to consider their complaint of erroneous billing, and the failure to afford them an opportunity to present their complaint to a designated employee empowered to review disputed bills and rectify error, petitioners deprived respondents of an interest in property without due process of law.

98 S.Ct. at 1567. According to Plaintiffs, "concealment" of the internal guidelines denied Plaintiffs "any opportunity for a pre-or post collection administrative hearing." Document No. 3 ¶ 11. Hence, their claim for denial of due process. The Court, however, finds no valid constitutional claim. Under applicable law in 1997, the "refund claim procedure provided in [26 U.S.C.] section 7422 adequately protect[ed] [Plaintiffs'] due process rights." *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir.1983). Plaintiffs had the right to sue for a refund, challenge the levy, and be heard under § 7422, and therefore were not denied due process. Nondisclosure of the District Director's internal operating procedures in advance of the levy in no way rises to a Constitutional violation as required by *Bivens*.

Even if Plaintiffs had a colorable constitutional violation, however, "[w]hen the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have

---

**5.** Plaintiffs disavow that this is a § 7433 action, arguing that they plead no violation of any federal statute of regulation. *See* Document No. 10, at 3. Plaintiffs did, however, previously bring in this Court a § 7433 action against the United States for unauthorized collection actions with respect to a 1997 seizure and sale of real property. Judge Melinda Harmon dismissed the claims as time-

barred. *See* Document No. 12, attached Memorandum Opinion and Order of April 2, 2001, by the Honorable Melinda Harmon. It appears that Plaintiffs are now attempting to recast these or similar claims in constitutional and common law terms. If these are the same claims, which is not clear from the summary judgment record, then this action is barred by res judicata.

not created additional *Bivens* remedies." *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988); *Zephyr Aviation, L.L.C. v. Dailey,* 247 F.3d 565, 570 n. 5 (5th Cir.2001). The existence of § 7422, § 7433, and other revenue-related causes of action, indicates that Congress has provided such "adequate remedial mechanisms" with respect to the Internal Revenue Code. *See, e.g., Wages v. Internal Revenue Serv.,* 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991) (holding that where plaintiff asserted Fourth and Fifth Amendment violations based on allegedly fraudulent and intimidating conduct in the collection of taxes, "even were we to find that some sort of constitutional right is at stake here ... the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* .... "); *Christensen,* 916 F.2d at 1476 ("As a general proposition, constitutional tort remedies are not available against IRS agents because such claims would interfere with the effective functioning of the specific statutory remedies provided for actions against the agency.").

### IV. *Order*

Based on the foregoing, it is

ORDERED that Plaintiffs Erin Leigh Harris, Rebekah Ann Harris, and Cody Glenn Harris are STRICKEN and DISMISSED. It is further

ORDERED that Defendants' Motion to Dismiss or for Summary Judgment (Document No. 6) is DENIED as MOOT; and Defendants' Amended Motion to Dismiss or for Summary Judgment (Document No. 12) is GRANTED, and all of Plaintiffs Ronald G. Harris's and Susette M. Harris's claims against the United States are DISMISSED for lack of subject matter jurisdiction. It is further

ORDERED that Defendants Luckey's and Howze's Motion to Dismiss or for Summary Judgment (Document No. 13) is GRANTED, Defendants Macaluso's, Williams's and Son's Motion to Dismiss or for Summary Judgment (Document No. 24) is GRANTED, and Plaintiffs' claims against Defendants Carabeth Luckey, Barbara Howze, Joseph Macaluso, Don H. Williams, and Penny Son, are DISMISSED on the merits. It is further

ORDERED that Defendants' Joint Motion to Stay Discovery (Document No. 26) is DENIED as MOOT.

The Clerk will enter this Order and send a copy to all parties of record.

### *FINAL JUDGMENT*

For the reasons set forth in the separate Memorandum and Order signed this day, it is

ORDERED that Plaintiffs Ronald G. Harris and Susette M. Harris shall take nothing on their claims against Defendants United States of America, Carabeth Luckey, Barbara Howze, Joseph Macaluso, Don H. Williams, and Penny Son, and this case is DISMISSED on the merits.

This is a **FINAL JUDGMENT.**

The Clerk will enter this Order, providing a correct copy to all counsel of record.